**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| |
|---|
| In re Application of |
| |
| CANACOL ENERGY COLOMBIA S.A.S, CNE OIL & GAS S.A.S, CNEOG COLOMBIA SUCURSAL COLOMBIA |
| |
| Petitioners, for an Order pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. |

Index No.

### PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF THEIR *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

*Of Counsel*
Damian Vallejo*
Esther Romay Jove*
**Dunning Rievman & MacDonald LLP**
1350 Broadway, Suite 2220
New York, New York 10018
(646) 680-9236
dvallejo@drmlaw.com
eromay@drmlaw.com

*Attorneys for Petitioners*

*Pro hac vice* applications pending

Hector James (Jim) Montalvo
Fla. Bar ID # 887056
e-mail: jim@montalvopa.com
2555 Ponce de León Blvd., Ste. 600
Coral Gables, Florida 33134
Tel. (305) 321-8347

*Attorneys for Petitioners*

April 24, 2025

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

PRELIMINARY STATEMENT ........................................................................................... 1

JURISDICTION AND VENUE ........................................................................................... 3

FACTUAL BACKGROUND ............................................................................................... 4

    A.    Relationship Between the Parties ................................................................. 4

    B.    The Colombian Enforcement & Criminal Proceedings ............................. 5

    C.    VP USA, Mr. Vargas Peña and the Discovery Sought ............................. 7

ARGUMENT ........................................................................................................................ 8

I.      LEGAL STANDARD ................................................................................................ 8

II.    THE APPLICATION MEETS THE MANDATORY REQUIREMENTS FOR
       GRANTING RELIEF UNDER §1782(A) ................................................................ 9

    A.    Petitioners Are "Interested Persons" .......................................................... 9

    B.    The Discovery Sought Seeks Evidence, including Testimonial and the Production
        of Documents ............................................................................................... 9

    C.    The Discovery Sought is "for Use in a [Foreign] Proceeding" .............. 10

    D.    VP USA and Mr. Vargas Peña Reside or Are Found in this District ................... 11

III.   THE *INTEL* DISCRETIONARY FACTORS WEIGH IN FAVOR OF GRANTING THIS
       APPLICATION ..................................................................................................... 12

    A.    *INTEL I:* VP USA and Mr. Vargas Peña are not Participants in the Foreign
        Proceedings ................................................................................................ 12

    B.    *INTEL II:* The Colombian Court Is Receptive to the Requested Discovery ......... 13

    C.    *INTEL III:* Petitioners Are Not Circumventing Foreign Proof-Gathering
        Restrictions ................................................................................................ 14

    D.    *INTEL IV:* The Discovery Sought Is Not Unduly Burdensome .......................... 15

CONCLUSION ................................................................................................................... 17

i

# TABLE OF AUTHORITIES

**Cases**

*Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262 (11th Cir. 2014) ................................................................. 8, 11

*Bloomfield v. City of St. Petersburg Beach*, 82 So. 2d 364 (Fla. 1955)....................................... 12

*Gyptec, S.A. v. Hakim-Daccach*, No. 16-20810-CIV, 2017 WL 6557425 (S.D. Fla. Sept. 27, 2017), *aff'd sub nom. In re Gyptec S.A. for an Order to Take Discovery Under 28 U.S.C. § 1782*, No. 16-CV-20810, 2017 WL 6559792 (S.D. Fla. Oct. 19, 2017)................................. 15

*In re Application of FG Wilson (Eng'g) Ltd. for Ex Parte Order to Obtain Discovery for Use in Foreign Proceedings*, No. 10-20839-CIV, 2011 WL 1114311 (S.D. Fla. Jan. 4, 2011), *report and recommendation adopted sub nom. In re FG Wilson (Eng'g) Ltd.*, No. 10-20839-MC, 2011 WL 1115359 (S.D. Fla. Mar. 24, 2011) ................................................................. 15

*In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296 (S.D. Fla. 2012) ................ 16

*In re Bahamas Island Consortium Ltd.*, No. 6:23-mc-2-WWB-DCI, 2023 WL 1469370 (M.D. Fla. Feb. 1, 2023) ................................................................................................................. 11

*In re Banco Sistema S.A.*, No. 23-21868-MC, 2024 WL 1826609 (S.D. Fla. Apr. 24, 2024)...... 16

*In re Bernal*, No. 18-21951-MC, 2018 WL 6620085 (S.D. Fla. Dec. 18, 2018)......................... 13

*In re Braga*, 789 F. Supp. 2d 1294 (S.D. Fla. 2011)...................................................................... 3

*In re Clerici*, 481 F.3d 1324 (11th Cir. 2007)...................................................................... 8, 9, 15

*In re Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale, S.A.*, No. 20-25212-MC, 2021 WL 2323226 (S.D. Fla. June 1, 2021)...................................................... 11

*In re Edelman*, 295 F.3d 171 (2d Cir. 2002)................................................................................. 12

*In re Ferrer*, No. 18-20226-CIV, 2018 WL 3240010 (S.D. Fla. July 3, 2018), *on reconsideration in part*, 18-20226-CIV, 2018 WL 4575043 (S.D. Fla. Sept. 5, 2018) ..................................... 13

*In re Gonzalez*, No. 20-24628-MC, 2021 WL 3835180 (S.D. Fla. Apr. 14, 2021), *aff'd sub nom. Gonzalez v. Verfruco Foods, Inc.*, No. 21-12922, 2023 WL 1794391 (11th Cir. Feb. 7, 2023) ............................................................................................................................................... 15

*In re Joint Stock Co. Raiffeisenbank*, No. 16-24114-MC, 2017 WL 7733275 (S.D. Fla. Aug. 15, 2017), *report and recommendation adopted sub nom. In re Joint Stock Co.*, 16-24114-MC, 2017 WL 6550479 (S.D. Fla. Oct. 20, 2017)......................................................................... 12

*In re MTS Bank*, No. 17-MC-21545, 2017 WL 3276879 (S.D. Fla. Aug. 1, 2017) ................... 13

*In re NRC Holding, Ltd.*, No. 14-MC-61962, 2015 WL 541770 (S.D. Fla. Feb. 10, 2015)......... 16

*In re Pimenta*, 942 F. Supp. 2d 1282 (S.D. Fla. 2013) ............................................................ 9, 12

*In re Pons*, No. 19-23236-MC, 2020 WL 364125 (S.D. Fla. Jan. 22, 2020), *aff'd*, 614 F. Supp. 3d 1134 (S.D. Fla. 2020), and *aff'd sub nom. Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465 (11th Cir. 2020)...................................................................................... 10

*In re Tcherassi*, No. 23-MC-20342, 2023 WL 2866429 (S.D. Fla. Feb. 6, 2023) ...................... 13

*In re Terra Invest, LLC*, No. 21-CV-23332, 2022 WL 18662732 (S.D. Fla. Nov. 7, 2022), *report and recommendation adopted in part sub nom. Terra Invest, LLC*, 21-cv-23332, 2023 WL 21014 (S.D. Fla. Jan. 3, 2023) ................................................................................. 11

*In re Vedam*, No. 8:22-mc-26-SDM-MRM, 2022 WL 18717048 (M.D. Fla. Nov. 3, 2022), *report and recommendation adopted sub nom. In Re Application for Judicial Assistance By Dr. Ravi Shankar Vedam*, No. 8:22-mc-26-SDM-MRM, 2022 WL 18717051 (M.D. Fla. Dec. 6, 2022) .................................................................................................................. 11

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ............................... 2, 9, 13, 14

*Victoria, LLC v. Likhtenfeld*, 791 F. App'x 810 (11th Cir. 2019) ................................................. 8

**Statutes**

28 U.S.C. §1782.................................................................................................................... 1, 2, 3, 9

Fed. R. Civ. P. 26 ...................................................................................................................... 1, 16

Fed. R. Civ. P. 30 ............................................................................................................................ 1

Fed. R. Civ. P. 45 ............................................................................................................................ 1

## INTRODUCTION

Petitioners CANACOL ENERGY COLOMBIA S.A.S ("**Canacol**"), CNE OIL & GAS S.A.S ("**CNE**") and CNEOG COLOMBIA SUCURSAL COLOMBIA ("**CNEOG**" and, together with Canacol and CNE, the "**Petitioners**"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of its *ex parte* application under 28 U.S.C. §1782 and Rules 26, 30 and 45 of the Federal Rules of Civil Procedure seeking limited discovery from VP Engenergy LLC ("**VP USA**") and Nicolas Vargas Peña ("**Mr. Vargas Peña**", and together with VP USA, the "**Discovery Subjects**") for use in pending court proceedings before the Colombian courts ("**Colombian Proceedings**" and, altogether, the "**Application**"). For the reasons set out below, the Court should grant the Application.

## PRELIMINARY STATEMENT

Petitioners are litigants in the Colombian Proceedings pending before the Colombian civil and criminal courts, and request permission to serve targeted discovery requests on the Discovery Subjects for use in the Colombian Proceedings. The facts supporting this Application are set forth in the declarations of Petitioners' counsel in the Colombian criminal proceedings, Mr. David Espinosa Acuña ("**Espinosa Decl.**") and Petitioners' counsel in the Colombian civil proceedings, Mr. Juan Mendoza Gómez ("**Mendoza Decl.**"). The facts set forth in both declarations are incorporated herein.

In Colombia, Petitioners have commenced three enforcement proceedings against VP USA's subsidiary, VP Ingenergía S.A.S. E.S.P. ("**VP Colombia**") to enforce the payments of its obligations under certain gas-purchasing agreements entered into between Petitioners and VP Colombia. Further, Petitioners have also commenced criminal proceedings before Colombian

1

Public Prosecutor's Office against VP Colombia's representatives for providing invalid guarantees, wrongfully withdrawing trust funds and asset stripping.

As shown below, this Application meets all of the statutory requirements of Section 1782: (i) Petitioners, plaintiffs in the Colombian Proceedings, meet the standard for an "interested person" under the statute; (ii) the request seeks testimonial and documentary evidence; (iii) the requested discovery is "for use" in a foreign proceeding, namely the Colombian Proceedings; and (iv) the Discovery Subjects "reside[] or [are] found" in this District because they reside in Weston, Florida. In addition, each of the Supreme Court's factors that guide this Court's exercise of discretion under Section 1782 weigh decisively in favor of granting Petitioners' Application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

The first *Intel* factor weighs in favor of discovery because Petitioners seek discovery from "nonparticipants" in the Colombian Proceedings. *Id.* As recognized in *Intel*, "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent §1782(a) aid." *Id.* The Discovery Subjects are not a named party in the Colombian Proceedings or otherwise subject to the jurisdiction of the Colombian courts.

Under the second *Intel* factor, which considers the character of the foreign proceeding and receptivity of the foreign tribunal, there is no indication suggesting that the Colombian courts might be unreceptive to Section 1782 assistance. *Id.* To the contrary, as established in the Espinosa and Mendoza Declarations, Petitioners will have the right to present evidence gathered under Section 1782 to the Colombian courts in support of their claims. Several U.S. courts have granted Section 1782 applications for the production of documents in aid of Colombian proceedings.

Under the third *Intel* factor, the Application is not concealing any improper attempt to circumvent foreign discovery restrictions on proof gathering. *See Intel*, 542 U.S. at 265.  The requested discovery does not implicate any privilege or special protection that would make it improper under Colombian law.

Under the fourth *Intel* factor, the proposed discovery is not unduly burdensome. *Id.*  To the contrary, the proposed Subpoenas are tailored to seek evidence addressing VP Colombia's attempt, with VP USA's assistance, to defraud and conceal its assets from Petitioners.

The Court should exercise its discretion to order production of any responsive discovery that the Discovery Subjects have in their possession, custody, or control, regardless of the physical location of that evidence.  Section 1782 is extraterritorial in reach, and courts commonly order discovery of evidence located abroad, particularly where, as here, the discovery is from a third party not subject to the jurisdiction of the foreign court.

Finally, 28 U.S.C. § 1782 applications are routinely granted *ex parte*. Service on witnesses is not required because any objections could be brought after the subpoenas are served. See, e. g., *In re Braga*, 789 F. Supp. 2d 1294, 1303 (S.D. Fla. 2011) ("There is nothing inappropriate about an *ex parte* application under this statute. In fact, in the Court's experience, most applications filed here in this district are submitted on an *ex parte* basis."). Accordingly, the Court may grant this Application *ex parte*.

## JURISDICTION AND VENUE

Jurisdiction is proper pursuant to Title 28 United States Code Section 1782 as this Application is for discovery involving the production of documents located within the Southern District of Florida and deposition of a key individual necessary to assist the Petitioners in their Colombian Proceedings.

Venue in the Southern District of Florida is appropriate pursuant to Title 28 United States Code Section 1782 because discovery is being sought from the Discovery Subjects, who are located within this Judicial District.

## FACTUAL BACKGROUND

### A.    RELATIONSHIP BETWEEN THE PARTIES

Petitioners are Colombian entities specialized in the exploration, production and commercialization of conventional natural gas in Colombia.  Mendoza Decl., ¶ 6; and Espinosa Decl., ¶ 6.  In turn, VP Colombia is a Colombian entity engaged in the wholesale trade of solid, liquid and gaseous fuels and related products on its behalf and behalf of third parties. Mendoza Decl., ¶ 7 and Espinosa Decl., ¶ 7.  VP Colombia's president is Álvaro Augusto Vargas Bravo ("**Mr. Vargas Bravo**") and its vice president, Patricia Cristina Peña Anaya ("**Mrs. Peña Anaya**"), while Darlyn Yesenia Neira Caro and Álvaro Vargas Grass are additional legal representatives. *Id*.

VP Colombia is a wholly-owned subsidiary of VP USA, a Texas limited liability company with its principal place of business in Florida. Mendoza Decl. ¶ 8; and Espinosa Decl., ¶ 8.  VP USA's managers are Mr. Vargas Bravo, Ms. Peña Anaya and Mr. Vargas Peña. *Id.*

The business relationship between VP Colombia and Petitioners began in 2016. Mendoza Decl., ¶ 9; and Espinosa Decl., ¶ 9.  Until then, Petitioners sold gas directly to their client TERMOBARRANQUILLA S.A. E.S.P. ("**TEBSA**").  But in 2016, VP Colombia started acting as an intermediary/broker, buying gas from Petitioners and selling it to TEBSA for a premium. *Id*. For this purpose, Petitioners and VP Colombia entered into three different contracts for the sale of gas (the "**Contracts**"). Mendoza Decl., ¶¶ 10 – 12; and Espinosa Decl., ¶¶ 10 – 12.

B.     THE COLOMBIAN ENFORCEMENT & CRIMINAL PROCEEDINGS[1]

In 2023, VP Colombia started defaulting repeatedly on its obligations and Petitioners were forced to initiate three enforcement proceedings before the Colombian Courts:

a.     Enforcement proceeding no. 2024-00142 before the 45th Civil Court of the Circuit of Bogota, commenced by CNE against VP Colombia seeking payment of an electronic sale invoice ("**Enforcement Proceeding 00142**"). Mendoza Decl., ¶¶ 13(a), 15 – 21;

b.     Enforcement proceeding no. 2024-00034 before the 47th Civil Court of the Circuit of Bogota, commenced by CNE and CNEOG against VP Colombia seeking payment of a promissory note ("**Enforcement Proceeding 00034**"). Mendoza Decl., ¶¶ 13(b), 22 – 29;

c.     Enforcement proceeding no. 2024-00151 before the 32nd Civil Court of the Circuit of Bogota, commenced by CNE and CNEOG against VP Colombia seeking payment under a complex executive title ("**Enforcement Proceeding 00151**" and, together with Enforcement Proceedings 00142 and 00034, the "**Enforcement Proceedings**"). Mendoza Decl., ¶¶ 13(c), 30 – 36.

As a result of the three proceedings, the Civil Courts have ordered the seizure of VP Colombia's accounts in Colombia.  In doing so, Petitioners discovered that VP Colombia had only COP$ 1,445,811(approximately US$350) in its Colombian bank accounts.  VP Colombia operates in an industry that requires the deployment of large amounts of funds.  By way of example, the Contracts contemplate potential gas purchases and guarantees in the amount of tens of millions of

---

[1]     In addition to the Colombian proceedings described herein, there are two ongoing arbitrations between the parties (Mendoza Decl., fn.1) and an additional criminal proceeding (Espinosa Decl., fn.1) which are not relevant to this Application.  Mention to those is made herein simply for transparency and completeness purposes.

US Dollars.[2]  The fact that VP Colombia only had the equivalent of approximately $350 in its Colombian bank accounts signals VP Colombia's intent to dissipate assets and prevent Petitioners from enforcing the guarantees provided and collecting on the invoices issued under the Contracts.

In light of the foregoing, Petitioners lodged the following criminal complaints against VP Colombia's representatives before Colombian Public Prosecutor's Office:

a.    Criminal complaint against Mr. Vargas Bravo, Ms. Peña Anaya and Darlyn Yesenia Neira Caro for the crime of aggravated fraud, on the grounds that, *inter alia*, VP Colombia's representatives issued invalid guarantees and wrongfully withdrew trust funds (the "**Fraud Proceeding**"). Espinosa Decl., ¶ 14.

b.    Criminal complaint against Mr. Vargas Bravo, Ms. Peña Anaya, Darlyn Yesenia Neira Caro and Álvaro Vargas Grass for the crime of asset stripping and money laundering, on the grounds that VP Colombia's representatives were hiding its assets from Petitioners ("**Asset Stripping and Money Laundering Proceeding**"). Espinosa Decl., ¶ 15.

c.    Criminal Complaint against Mr. Vargas Bravo, Ms. Peña Anaya, Darlyn Yesenia Neira Caro and Luis Miguel Fernández Zaher (TEBSA's legal representative) for the crime of conspiracy to commit a crime, on the grounds that they had conspired to default on VP Colombia's obligations to Petitioners, by providing invalid guarantees and the wrongful withdrawal of the trust funds ("**Conspiracy to Commit a Crime Proceeding**" and, together with Fraud Proceeding and Asset

---

[2]    For instance, under the Enforcement Proceeding 00142, CNE requests COP$14,813,257,808 (approximately US$3,603,287.20) in payment for the gas supplied (*see* Mendoza Decl., ¶ 15); under the Enforcement Proceeding 0034, CNE and CNEOG seek payment of COP$36,077,009,198 (approximately US$8,793,475.16) for the gas supplied (*see* Mendoza Decl., ¶ 23); and under the Enforcement Proceeding 00151, CNE and CNEOG request COP$11,302,940,152.00 (approximately US$2,745,098.73) for the gas supplied to VP Colombia, which was in turn sold to TEBSA  (*see* Mendoza Decl., ¶ 30).

Stripping and Money Laundering Proceeding, the "**Criminal Proceedings**").
Espinosa Decl. ¶ 16.

### C.   VP USA, MR. VARGAS PEÑA AND THE DISCOVERY SOUGHT

As mentioned above, VP USA is the sole parent entity of VP Colombia.  VP USA is a
Texas-registered LLC with headquarters in Weston, Florida. Declaration of Damian Vallejo
("**Vallejo Decl.**"), Exs. 3 and 4.

Mr. Vargas Peña is one of the three managers of VP USA.  He is also a resident of Weston,
Florida. *Id*.  Mr. Vargas Peña is the son of VP USA's other two managers, Mr. Vargas Bravo and
Mrs. Peña Anaya. *Id.*  Mr. Vargas Bravo and Mrs. Peña Anaya are the president and vice president,
respectively, of VP Colombia.  Upon information and belief, the letters "VP" in VP Engenergy
LLC (*i.e.*, VP USA) stand for Vargas Peña.  And VP USA was created, *inter alia*, for the benefit
of Mr. Vargas Peña.

Through this Application, Petitioners seek to obtain evidence and information from VP
USA and Mr. Vargas Peña for its use in a foreign in the Enforcement Proceedings and the Criminal
Proceedings pending in Colombia (the "**Colombian Proceedings**").  Petitioners seek discovery on
issues related to the Colombian Proceedings, including: (i) the involvement of VP USA and Mr.
Vargas Peña in the decisions that led VP Colombia to become insolvent vis-à-vis Petitioners; (ii)
the decisions taken to prevent VP Colombia from complying with Colombia court orders in the
Enforcement Proceedings; (iii) the willfulness of those decisions and their effects in the Criminal
Proceedings; and (iii) the status of the funds that were supposed to be placed in a trust for
Petitioners' benefit under the applicable contracts (the "**Requested Discovery**").

# ARGUMENT

## I.    LEGAL STANDARD

28 U.S.C. § 1782 permits United States District Courts to grant discovery for use in a pending foreign proceeding. *Intel*, 542 U.S. at 246. Section 1782 sets forth four mandatory requirements: "(1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *Victoria, LLC v. Likhtenfeld*, 791 F. App'x 810, 816 (11th Cir. 2019) (citing *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc*., 747 F.3d 1262, 1269 (11th Cir. 2014)).

The statute "authorizes, but does not require, a federal district court to provide assistance…" *Intel*, 542 at 242.  The Supreme Court in *Intel* noted four factors to be considered in exercising such discretion: "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' because 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome.'" *In re Clerici*, 481 F.3d 1324, 1334 (11th Cir. 2007) (citing *Intel*, 542 U.S. at 264–65).  When applying these factors, the Court should consider Section 1782's "twin aims" of "providing an efficient means of assistance to participants in international litigation and

encouraging foreign countries to provide reciprocal assistance to our courts" *In re Pimenta*, 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013).

## II.   THE APPLICATION MEETS THE MANDATORY REQUIREMENTS FOR GRANTING RELIEF UNDER §1782(A)

Petitioners satisfy each of the four statutory requirements set forth in Section 1782: (1) Petitioners qualify as an "interested person" as they are litigants in the Colombian Proceedings; (2) the request seeks the testimony from the Discovery Subjects and documents in the Discovery Subjects' possession; (3) the documents and information that Petitioners seeks are plainly "for use" in a foreign court proceedings; and (4) the Discovery Subjects, from whom discovery is sought, reside or are found in this District.

### A.   PETITIONERS ARE "INTERESTED PERSONS"

"No doubt litigants are included among, and may be the most common example of, the "interested person [s]" who may invoke § 1782." *Intel*, 542 U.S. at 256.  Petitioners are plaintiffs and/or complainants (*i.e.*, parties) in the Enforcement and Criminal Proceedings in Colombia and are thus "interested persons" under Section 1782.[3]

### B.   THE DISCOVERY SOUGHT SEEKS EVIDENCE, INCLUDING TESTIMONARY AND THE PRODUCTION OF DOCUMENTS

The Application requests documentary and testimonial evidence from VP USA and Mr. Vargas Peña, satisfying the Section 1782 requirement that the request must seek evidence, whether it be the testimony or statement of a person, or the production of a document or other thing. *In re Clerici*, 481 F.3d  at 1331 – 1332.

---

[3]     CNE is a plaintiff in all Enforcement Proceedings and a complainant in all Criminal Proceedings. Mendoza Decl., ¶ 13 (a) – (c) and Espinosa Decl., ¶¶ 14 – 16.  CNEOG is a plaintiff in the Enforcement Proceeding 00034 and Enforcement Proceeding 00151 (Mendoza Decl., ¶ 13 (b) and (c)), as well as a complainant in the Fraud Proceeding and Conspiracy to Commit a Crime Proceedings. Espinosa Decl., ¶¶ 14 and 16.  Canacol is a complainant in the Fraud Proceeding and in the Asset Stripping and Money Laundering Proceeding. Espinosa Decl., ¶¶ 14 and 15.

### C.     THE DISCOVERY SOUGHT IS "FOR USE IN A [FOREIGN] PROCEEDING"

Section 1782 "for use in a foreign proceeding" is satisfied by showing that Petitioners plan on using the Requested Discovery in the Colombian Proceedings. *In re Pons*, No. 19-23236-MC, 2020 WL 364125, at *5 (S.D. Fla. Jan. 22, 2020), *aff'd*, 614 F. Supp. 3d 1134 (S.D. Fla. 2020), and *aff'd sub nom. Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465 (11th Cir. 2020) ("[t]he undersigned finds that the Applicant satisfied the for use in a foreign proceeding requirement because the Applicant has the ability to inject the requested information into a foreign proceeding  and  the  requested  discovery  is something that will be employed with some advantage or serve some use in the proceeding.") (internal citations omitted).

As explained in the declaration from Petitioners' Colombian counsel, any evidence obtained as a result of this Application will be used in both the Enforcement and Criminal Proceedings in Colombia, and will be accepted by the Colombian courts, showing that VP Colombia has siphoned off its funds to avoid fulfilling its obligations to Petitioners.  Mendoza Decl., ¶¶ 41, 43 and 45 and Espinosa Decl., ¶¶ 21, 24 and 26.

The Requested Discovery from VP USA, the parent entity of VP Colombia, and Mr. Vargas Peña, a manager of VP USA and the son of VP Colombia's president (Mr. Vargas Bravo) and vice president (Mrs. Peña Anaya) targets key information about both the decision-making of VP USA affecting VP Colombia's assets, as well as information about the funds that were to be placed in a trust in Colombia for the benefit of Petitioners.  Accordingly, the Requested Discovery will be "of use" to the Colombian courts given its relevance in determining VP Colombia's intent to defraud Petitioners.

### D.      VP USA AND MR. VARGAS PEÑA RESIDE OR ARE FOUND IN THIS DISTRICT

The last statutory requirement is that the person from whom discovery is sought resides, or is found, in the district of the district court for which the application is made.  All Discovery Subjects reside or are found within this District.

For purposes of Section 1782, "the presence of an office and the act of conducting business in a district is sufficient to 'be found' in that district." *See In re Vedam*, No. 8:22-mc-26-SDM-MRM, 2022 WL 18717048, at *3 (M.D. Fla. Nov. 3, 2022), *report and recommendation adopted sub nom. In Re Application for Judicial Assistance By Dr. Ravi Shankar Vedam*, No. 8:22-mc-26-SDM-MRM, 2022 WL 18717051 (M.D. Fla. Dec. 6, 2022); *see  Consorcio Ecuatoriano*, 747 F.3d at 1269  ("[The Discovery Target] which has an office and does business in Miami ... is therefore 'found in the district of the district court ruling on the application for assistance'—namely, the Southern District of Florida.").  Accordingly, Florida district courts have found that a company "resides, or is found" where its principal place of business is. *See In re Bahamas Island Consortium Ltd.*, No. 6:23-mc-2-WWB-DCI, 2023 WL 1469370, at *1 (M.D. Fla. Feb. 1, 2023);  *see also In re Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale, S.A.*, No. 20-25212-MC, 2021 WL 2323226, at *6 (S.D. Fla. June 1, 2021).  VP USA has its principal place of business in 16754 Natures Way, Weston, Florida, and it is therefore found in this district. Vallejo Decl., Exs. 3 and 4.

As for Mr. Vargas Peña (the individual from whom Petitioners seek discovery), courts have looked to the applicable state law for guidance to determine whether a person resides in the district of the district court ruling on the application. *In re Terra Invest, LLC*, No. 21-CV-23332, 2022 WL 18662732, at *2 (S.D. Fla. Nov. 7, 2022), *report and recommendation adopted in part sub nom. Terra Invest, LLC*, 21-cv-23332, 2023 WL 21014 (S.D. Fla. Jan. 3, 2023).  Under Florida law, residence hinges on the intent "to remain permanently a citizen of the state." *Id.*

11

(quoting *Bloomfield v. City of St. Petersburg Beach*, 82 So. 2d 364, 369 (Fla. 1955)).   Here, Mr. Vargas Peña resides in Weston, Florida. Vallejo Decl., Exs. 3 and 4.

In addition, a person is found in a district if he or she has been personally served with the discovery requests underlying the Section 1782 application. *In re Joint Stock Co. Raiffeisenbank*, No. 16-24114-MC, 2017 WL 7733275, at *3 (S.D. Fla. Aug. 15, 2017), *report and recommendation adopted sub nom. In re Joint Stock Co.*, 16-24114-MC, 2017 WL 6550479 (S.D. Fla. Oct. 20, 2017); *see* also *In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002) (holding that "if a person is served with a subpoena while physically present in the district of the court that issued the discovery order, then for the purposes of § 1782(a), he is 'found' in that district").

## III.   THE *INTEL* DISCRETIONARY FACTORS WEIGH IN FAVOR OF GRANTING THIS APPLICATION

The four *Intel* discretionary factors weigh in favor of granting this Application: (1) VP USA and Mr. Vargas Peña are not "participants" in the Colombian Proceedings; (2) the Colombian courts would be receptive to this Court's assistance; (3) the Application does not conceal an attempt to circumvent foreign law, policy or proof-gathering restrictions; and (4) the Application is not unduly intrusive or burdensome.

### A.   *INTEL I:* VP USA AND MR. VARGAS PEÑA ARE NOT PARTICIPANTS IN THE FOREIGN PROCEEDINGS

The first *Intel* factor asks whether the party from whom discovery is sought is a participant in the foreign proceeding. Here, VP USA and Mr. Vargas Peña are not participants in the foreign proceedings "which renders the need for the assistance of the Court more readily apparent." *In re Pimenta*, 942 F. Supp. 2d at 1288. Therefore, the evidence under the possession, control or custody of VP USA and Mr. Vargas Peña "available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264.

The first *Intel* factor thus weighs in favor of granting the Application.

**B.     *INTEL II:* THE COLOMBIAN COURT IS RECEPTIVE TO THE REQUESTED DISCOVERY**

The second *Intel* factor militates in favor of Petitioners as well.   Under the second *Intel* factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.   This factor examines whether the foreign tribunal "is willing to consider the information sought." *In re Bernal*, No. 18-21951-MC, 2018 WL 6620085, at *6 (S.D. Fla. Dec. 18, 2018) (internal citations omitted).   Courts in this District have repeatedly found Colombian courts to be receptive to discovery assistance. *In re Ferrer*, No. 18-20226-CIV, 2018 WL 3240010, at *9 (S.D. Fla. July 3, 2018), *on reconsideration in part*, 18-20226-CIV, 2018 WL 4575043 (S.D. Fla. Sept. 5, 2018) (collecting cases); *see also In re Tcherassi*, No. 23-MC-20342, 2023 WL 2866429, at *1 (S.D. Fla. Feb. 6, 2023) (Colombian court not unreceptive to U.S. judicial assistance).   "[C]ourts look for authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of § 1782." *In re MTS Bank*, No. 17-MC-21545, 2017 WL 3276879, at *8 (S.D. Fla. Aug. 1, 2017) (emphasis in original).   Therefore, there is a strong presumption that foreign tribunals will be receptive to evidence obtained under Section 1782, and thus the burden is placed on the party opposing discovery to show that a foreign tribunal would reject the evidence obtained through Section 1782. *See In re Ferrer*, 2018 WL 3240010 at *8 ("[t]he party opposing discovery under Section 1782(a) has the burden of demonstrating offense to the foreign jurisdiction, or any other facts warranting denial of a particular application.").

Any evidence obtained as a result of this Application can be used by Petitioners in the Enforcement Proceeding. Mendoza Decl., ¶¶ 41 – 43.  Similarly, in the Criminal Proceedings,

Petitioners could present the evidence to Colombian Public Prosecutor's Office, who could, in turn, use it as evidence at trial before the Colombian Judge. Espinosa Decl., ¶¶ 21 and 24.

Accordingly, the second *Intel* factor also weighs in favor of granting the Application.

## C.    *INTEL III:* PETITIONERS ARE NOT CIRCUMVENTING FOREIGN PROOF-GATHERING RESTRICTIONS

The third *Intel* factor looks to "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265.  In *Intel*, the Supreme Court expressly rejected the notion that Section 1782 requires that the evidence be discoverable in the foreign proceeding itself. *Id.* at 261 ("[a] foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions—reasons that do not necessarily signal objection to aid from United States federal courts."). "Proof-gathering restrictions are best understood as rules akin to privileges that *prohibit* the acquisition or use of certain materials, rather than as rules that *fail to facilitate* investigation of claims by empowering parties to require their adversarial and non-party witnesses to provide information." *In re Bernal*, 2018 WL 6620085, at *7 (internal citations omitted).  No such circumstance is present here.

Here, granting the assistance requested by Petitioners would not offend any Colombian proof gathering restrictions.  Colombia does not oppose a party seeking discovery in a court outside Colombia.  There is no Colombian law, rule of evidence or rule of civil or criminal procedure prohibiting the filing of this Application or the requests made in it. Mendoza Decl., ¶ 42; Espinosa Decl., ¶¶ 21 – 23.  To the contrary, in Colombia, the parties are free to submit any means of evidence to pursue their case. Espinosa Decl., ¶ 21.

Similarly, Petitioners are not required to exhaust any proof-gathering avenues in Colombia before submitting this Application. Mendoza Decl., ¶ 42 and Espinosa Decl., ¶ 23. *See also In re*

14

*Application of FG Wilson (Eng'g) Ltd. for Ex Parte Order to Obtain Discovery for Use in Foreign Proceedings*, No. 10-20839-CIV, 2011 WL 1114311, at *5 (S.D. Fla. Jan. 4, 2011), *report and recommendation adopted sub nom. In re FG Wilson (Eng'g) Ltd.*, No. 10-20839-MC, 2011 WL 1115359 (S.D. Fla. Mar. 24, 2011) ("Col[o]mbian Civil Procedure Code does not require that a party first seek discovery through a Col[o]mbian courts before being able to make an application for discovery in a court outside of Col[o]mbia."); *see also Gyptec, S.A. v. Hakim-Daccach*, No. 16-20810-CIV, 2017 WL 6557425, at *7 (S.D. Fla. Sept. 27, 2017), *aff'd sub nom. In re Gyptec S.A. for an Order to Take Discovery Under 28 U.S.C. § 1782*, No. 16-CV-20810, 2017 WL 6559792 (S.D. Fla. Oct. 19, 2017) ("[t]herefore, whether or not [defendant] has stated that he will submit to the discovery requests if ordered by a court in Colombia (or whether discovery of specific documents is allowed in Colombian procedures), [plaintiff] is still entitled to seek the discovery pursuant to Section 1782.").

Finally, there is no foreign-discoverability requirement under Section 1782 and "courts have [also] granted Section 1782 discovery where the discovery procedures in the country where the lawsuit is proceeding do not allow for the party seeking the application to obtain the information." *In re Gonzalez*, No. 20-24628-MC, 2021 WL 3835180, at *4 (S.D. Fla. Apr. 14, 2021), *aff'd sub nom. Gonzalez v. Verfruco Foods, Inc.*, No. 21-12922, 2023 WL 1794391 (11th Cir. Feb. 7, 2023).

Therefore, the third *Intel* factor weighs in favor of granting the Application.

### D.   *INTEL IV:* THE DISCOVERY SOUGHT IS NOT UNDULY BURDENSOME

The fourth and final *Intel* factor considers whether the Section 1782 Application contains "unduly intrusive or burdensome requests." *Intel*, 542 U.S. at 265.  The standard is substantially the same as in ordinary domestic civil litigation under the Federal Rules of Civil Procedure. *See In re Clerici*, 481 F.3d at 1336 ("Once discovery is authorized under § 1782, the federal discovery

rules […] contain the relevant practices and procedures for the taking of testimony and the production of documents.").  Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Appropriate measures may be taken to protect confidential or privileged documents. *In re NRC Holding, Ltd.*, No. 14-MC-61962, 2015 WL 541770, at *3 (S.D. Fla. Feb. 10, 2015).

Here, the requested discovery is not "unduly intrusive or burdensome."  The proposed Subpoenas seek documents and information directly relevant to the central issues in the Colombian Proceedings (*i.e.*, VP Colombia's fraud and asset stripping).  *See* Factual Background Section C, *supra*.  In addition, the proposed Subpoena is temporally limited to the period in which VP Colombia should have placed certain funds in a trust and provided certain valid guarantees under the different contracts signed with Petitioners.

Petitioners are also willing to meet and confer with VP USA and Mr. Vargas Peña to address any scope or burden concerns.   Should the parties be unable to reach an agreement over any scope or burden concerns, the parties can present those disputes to the Court.   If the Court finds merit to such objections, "[i]t is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright" and precluding any discovery into those issues directly probative of the matters in the Colombian Proceedings.  *In re Banco Sistema S.A.*, No. 23-21868-MC, 2024 WL 1826609, at *4 (S.D. Fla. Apr. 24, 2024)*; see also In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) ("no undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored").

16

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court grant their

Application.

Dated:    April 24, 2025

*Of Counsel*                                                    By: ___*Jim Montalvo*_____
Damian Vallejo*                                            **Montalvo Law, P.A.**
Esther Romay Jove*                                       Hector James (Jim) Montalvo
**Dunning Rievman & MacDonald LLP**         Fla. Bar ID # 887056
1350 Broadway, Suite 2220                             e-mail: jim@montalvopa.com
New York, New York 10018                            2555 Ponce de León Blvd., Ste. 600
(646) 680-9236                                               Coral Gables, Florida 33134
dvallejo@drmlaw.com                                    Tel. (305) 321-8347
eromay@drmlaw.com

*Attorneys for Petitioners*                                 *Attorneys for Petitioners*

*Pro hac vice* applications pending

17