# EXHIBIT 1

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| In re Application of <br> CANACOL ENERGY COLOMBIA S.A.S, CNE OIL & GAS S.A.S, <br> CNEOG COLOMBIA SUCURSAL COLOMBIA <br> Petitioners, for an Order pursuant to 28 U.S.C. § 1782 to Conduct Discovery <br> for Use in Foreign Proceedings. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:

_____
*(Name of person to whom this subpoena is directed)*

❒ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | *[signature]* |
|---|---|---|
| _____ <br> Signature of Clerk or Deputy Clerk |  | _____ <br> Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

# DEFINITIONS

1. "You," "Your" and "Yours" means VP Engenergy LLC and its parents, subsidiaries, affiliates, and other entities under its control and each of its members, managers, employees, directors, officers, agents, attorneys, accountants, investigators, Representatives, and any other person or entity acting on its behalf or subject to its control.

2. "2016 Contract" means Contract No. CNEGN-01-2016 between CNE and VP Colombia for the sale of natural gas dated February 2, 2016.

3. "2022 Contract" means Contract No. CNEOG-CF-VP-01-2022 between CNE and CNEOG and VP Colombia for the sale of natural gas dated December 21, 2022.

4. "2022 Interruptible Contract" means Contract CNEOG-CI-VP-01-2022 between CNE and CNEOG and VP Colombia for the interruptible supply of natural gas dated December 21, 2022.

5. "Canacol" means the Colombian entity Canacol Energy Colombia S.A.S. and its parents, subsidiaries, affiliates, and other entities under its control and each of its employees, directors, officers, agents, attorneys, accountants, investigators, Representatives, and any other person or entity acting on its behalf or subject to its control.

6. "CNE" means the Colombian entity CNE OIL & GAS S.A.S. and its parents, subsidiaries, affiliates, and other entities under its control and each of its employees, directors, officers, agents, attorneys, accountants, investigators, Representatives, and any other person or entity acting on its behalf or subject to its control.

7. "CNEOG" means the Colombian entity CNEOG COLOMBIA SUCURSAL COLOMBIA and its parents, subsidiaries, affiliates, and other entities under its control and each

1

of its employees, directors, officers, agents, attorneys, accountants, investigators, Representatives, and any other person or entity acting on its behalf or subject to its control.

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9. "Concerning" means relating to, referring to, describing, evidencing or constituting.

10. "Criminal Proceedings" means the criminal proceedings initiated by the criminal complaint against Álvaro Vargas Bravo, Patricia Peña Anaya and Darlyn Yesenia Neira Caro for the crime of aggravated fraud, and extensions thereof; the criminal complaint against Álvaro Vargas Bravo, Patricia Peña Anaya, Darlyn Yesenia Neira Caro and Álvaro Vargas Grass for the crime of asset stripping and money laundering; and the criminal complaint against Álvaro Vargas Bravo, Patricia Peña Anaya, Darlyn Yesenia Neira Caro and Luis Miguel Fernández Zaher for the crime of conspiracy to commit a crime.

11. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

12. "Enforcement Proceedings" means the enforcement proceeding N.º 2024-00142 before the 45th Civil Court of the Circuit of Bogota filed by CNE against VP Colombia; the enforcement proceeding N.º 2024-00034 before the 47th Civil Court of the Circuit of Bogota filed by CNE and CNEOG against VP Colombia; and the enforcement proceeding N.º 2024-00151 before the 32th Civil Court of the Circuit of Bogota filed by CNE and CNEOG against VP Colombia.

13. "Guarantees" means the guarantees provided by VP Colombia to ensure its obligations under the 2022 Contract.

14. "Including" means including, without limitation, the specific matter, documents or electronically stored information described.

15. "Itaú" means the Colombian financial services entity Itaú Fiduciaria Colombia and its parents, subsidiaries, affiliates, and other entities under its control and each of its employees, directors, officers, agents, attorneys, accountants, investigators, Representatives, and any other person or entity acting on its behalf or subject to its control.

16. "Representatives" means any advisors, consultants, attorneys, counsel, agents, service providers, bankers, financiers, accountants, together with their affiliates.

17. "TEBSA" means the Colombian entity TERMOBARRANQUILLA S.A. E.S.P. and its parents, subsidiaries, affiliates, and other entities under its control and each of its employees, directors, officers, agents, attorneys, accountants, investigators, Representatives, and any other person or entity acting on its behalf or subject to its control.

18. "Trust" means the trust established to secure VP Colombia's obligations under the 2022 Contract, with Itaú serving as a trustee and payments from TEBSA constituting the trust assets.

19. "VP Colombia" means the Colombian entity VP Ingenergía S.A.S. E.S.P and its parents, subsidiaries, affiliates, and other entities under its control and each of its employees, directors, officers, agents, attorneys, accountants, investigators, Representatives, and any other person or entity acting on its behalf or subject to its control.

## **INSTRUCTIONS**

1. These document demands are intended to and do cover all Documents in Your possession, custody or control, Including those belonging to subsidiaries, subdivisions, or affiliates, or any of your directors, officers, managing agents, employees, attorneys, accountants, or other Representatives. These document demands are also intended to and do cover any all Documents You are authorized or have the practical ability to retrieve.

2. Each request for a document contemplates production of the Document or electronically stored information in its entirety, without abbreviation or expurgation.

3. Documents or electronically stored information provided shall be complete and, unless privileged, unredacted, submitted as founded (*e.g.*, documents that in their original condition were stapled, clipped or otherwise fastened shall be produced in such form). To the extent any responsive Document is attached to another Document through manual or electronic (*e.g.*, e-mail) means, both the responsive document and any attachment(s) should be produced. To the extent only a portion of a Document or electronic stored information is privileged, the non-privileged portion should be produced and any redactions should be clearly marked.

4. Electronically stored information ("ESI") should be produced in the following format: Single Page TIFFs, Document level text files (text-searchable), Native Files, .DAT with standard Concordance delimiters (should contain the path to native files and text files), .OPT image load file (should contain the page count and volume path). Such ESI includes, but is not limited to, electronic mail, SMS messages and other forms of mobile text or messaging formats (including but not limited to Bloomberg messages, Instant Bloomberg chats, WeChat messages, WeCom messages, QQ messages, Slack messages and WhatsApp messages), calendar entries, documents

created with word processing software such as Microsoft Word, pictures, audio and video recordings, and documents in Portable Document Format ("PDF").

5. With respect to any Documents that are withheld, whether under claim of privilege or otherwise, You shall furnish a list signed by the person supervising the production of Documents that identifies and describes each Document for which the privilege is claimed, together with the following information with respect to each such Document: (a) title and date; (b) author, signer any person who participated in its preparation, and/or sender; (c) subject matter; (d) number of pages; (e) the present custodian of the Document; (f) the basis on which the privileged is claimed; (g) the nature of the privilege asserted as a basis for withholding the Document; and (h) all available metadata. Privileged attachments should be listed separately. Non-privilege attachments should be produced.

6. If no documents exist that are responsive to a particular request, please so state in writing.

7. These demands require production of copies of all ESI in native format, including production of all metadata.

8. No part of a request may be left unanswered, or documents and things not produced, merely because an objection is interposed as to any other part of a request. Where an objection is made to any request, or subpart thereof, the objection must state with specificity all grounds and must state whether any responsive materials are being withheld on the basis of that objection. All objections to the production of documents, information, or other things requested herein must be made in writing and delivered to counsel of record for the Petitioners.

9. This subpoena is deemed continuing in nature and you are obliged to produce responsive documents and to supplement your production whenever additional documents are located or their existence ascertained.

10. Unless otherwise specified, each request pertains to the period of January 1, 2022 through the date of production.

11. The place of compliance of this subpoena will be Montalvo Law, P.A., 2555 Ponce de León Blvd., Ste. 600, Coral Gables, Florida 33134, or at another location mutually agreed by the parties within 100 miles of where the witness currently resides or regularly transacts business, or upon mutual agreement of the parties, via Zoom or other remote videoconferencing software.

12. Pursuant to Federal Rule of Civil Procedure 30(b)(6), You are obligated to confer with the serving party regarding the depositions topics set forth in Schedule B below and to designate each person who will testify. The persons designated must testify about information known or reasonably available to You.

**DOCUMENT REQUEST**

1. All Documents and Communications Concerning VP Colombia, Including:

   a. Between You and VP Colombia or any Representative of VP Colombia;

   b. Between You and Álvaro Vargas Bravo;

   c. Between You and Nicólas Vargas Peña;

   d. Between You and Patricia Peña Anaya;

   e. Between You and Darlyn Yesenia Neira Caro;

   f. Between You and Álvaro Vargas Grass;

   g. Between You and Luis Miguel Fernández Zaher;

   h. Between You and TEBSA or any Representative of TEBSA;

  i. Between You and Itaú or any Representative of Itaú;

  j. Concerning the 2016 Contract;

  k. Concerning the 2022 Contract;

  l. Concerning the Guarantees, Including their legality, validity and enforceability;

  m. Concerning the Trust, Including any distributions of its assets;

  n. Concerning the 2022 Interruptible Contract;

  o. Concerning the Enforcement Proceedings;

  p. Concerning the Criminal Proceedings;

  q. Concerning liabilities, debts, obligations and/or payments owed by VP Colombia to Canacol, CNE and CNEOG;

  r. Concerning Canacol, CNE and CNEOG's ability to collect liabilities, debts, obligations and/or payments owed by VP Colombia.

2. All Documents and Communications Concerning business and contractual relationships between VP Colombia and/or You and TEBSA, Including any payments from TEBSA to VP Colombia and/or You.

3. All Documents and Communications Concerning Your direct and/or indirect ownership and/or interest in VP Colombia and/or any other energy company, Including beneficial and legal ownership.

4. All Documents and Communications Concerning Your organizational and governance structure, Including:

  a. operating agreements, amendments, or restatements;

  b. minutes of meetings or resolutions by passed by Your managers or members;

  c. Concerning Your formation or dissolution;

    d. Concerning organizational charts or diagrams showing Your structure and management;

    e. Concerning the roles, responsibilities and authority of Your members or managers.

5. All Documents and Communications Concerning Your financial and accounting records, Including:

    a. Your financial statements, audited or unaudited, Including balance sheets, income statements and cash flow statements;

    b. consolidated financial statements, audited or unaudited, of You and VP Colombia;

    c. Your bank account records, Including account statements for any accounts held in Your name;

    d. Your tax filings, reports, and audits;

    e. Concerning reinvestment of funds and/or transfer of dividends and/or funds received by VP Colombia to any person.

6. All Documents and Communications Concerning intercompany transactions between VP Colombia and You, Including:

    a. invoices, payment orders, payment receipts, bank statements, contracts or any records of financial transactions;

    b. Concerning accounting entries;

    c. Concerning intercompany loans;

    d. Concerning direct or indirect payments;

    e. Concerning dividends or distributions;

    f. Concerning salaries;

    g. Concerning any transfer of cash, Including international transfers;

      h.   Concerning business transactions between VP Colombia and persons affiliated with You; and

      i.   Concerning payments made by You on behalf or Concerning VP Colombia.

7.   All non-privileged Documents and Communications Concerning to the funds used to maintain real property located at 16754 Natures Way, Weston, Florida.

8.   All Documents provided and Communications sent to You as a shareholder, member or equivalent of VP Colombia.

9.   All Documents and Communications Concerning the assets and/or funds currently or previously placed by VP Colombia in the Trust with Itaú Concerning the 2016 Contract, 2022 Contract and 2022 Interruptible Contract.

10.   All Documents and Communications Concerning the retention of Documents that may be responsive to this subpoena, Including any policies Concerning document retention, document destruction, use of personal devices, and any Document or Communication Concerning retention of Documents in anticipation of the Criminal Proceedings and the Enforcement Proceedings

## SCHEDULE B

## DEPOSITION TOPICS

The definitions in Schedule A are incorporated herein by reference. You shall testify Concerning:

1. All Documents produced by You in response to this subpoena and the method by with such Documents were identified, collected and reviewed for production.

2. Your policies and procedures Concerning the retention of Documents, Including policies and procedures Concerning the use of personal devices and any Documents and Communications Concerning retention of Documents in anticipation of the Criminal Proceedings and the Enforcement Proceedings.

3. Your organizational structure, accounting practices, governance and Your members and managers.

4. Your ownership of VP Colombia, Including beneficial and legal ownership.

5. Your knowledge, understanding of, analysis, review, consideration, recommendation, Including any presentations or advice provided to VP USA Concerning:

    a. The 2016 Contract;

    b. The 2022 Contract;

    c. The Guarantees, Including their legality, validity and enforceability;

    d. The Trust, Including any distributions of its assets;

    e. The 2022 Interruptible Contract;

    f. The Enforcement Proceedings;

    g. The Criminal Proceedings;

    h. Liabilities, debts, obligations and/or payments owed by VP Colombia to Canacol, CNE and CNEOG;

    i. Canacol, CNE and CNEOG's ability to collect liabilities, debts, obligations and/or payments owed by VP Colombia.

    j. The business and contractual relationships between VP Colombia and/or You and TEBSA, Including any payments from TEBSA to VP Colombia and/or You.

6. Your knowledge, understanding of, analysis, review and consideration of the financial condition of VP Colombia, Including VP Colombia's liquidity, indebtedness and cash flow.

7. Your knowledge, understanding of, analysis, review and consideration Concerning intercompany transactions VP Colombia and You.

8. Your knowledge Concerning the assets and/or funds currently or previously placed in the Trust with Itaú Concerning the 2016 Contract, 2022 Contract and 2022 Interruptible Contract.

9. The funds used to maintain real property located at 16754 Natures Way, Weston, Florida.