# EXHIBIT 2




SEÑORES
FISCALÍA 69 LOCAL
UNIDAD DE ESTAFAS PRIORIZADAS
DIRECCIÓN SECCIONAL DE BOGOTÁ
BOGOTÁ D.C

REF.   RAD. 110016000049-2024-31894
AMPLIACIÓN DE DENUNCIA POR LA PRESUNTA COMISIÓN DEL DELITO DE ESTAFA (ART. 246 C.P.) EN CIRCUNSTANCIAS DE AGRAVACIÓN POR SUPERAR 100 SMLMV (ART. 267) EN CONTRA DE LOS SEÑORES ÁLVARO AUGUSTO VARGAS BRAVO, DARLYN YESENIA NEIRA CARO Y PATRICIA CRISTINA PEÑA ANAYA

**DAVID ESPINOSA ACUÑA**, identificado como aparece al pie de mi firma, **APODERADO** de **CANACOL ENERGY COLOMBIA S.A.S, CNEOG COLOMBIA SUCURSAL COLOMBIA y CNE OIL & GAS S.A.S**, con el habitual respeto acudo ante Ustedes, a efectos de **AMPLIAR LA DENUNCIA** presentada el pasado 1 de febrero de 2024, en contra de los señores **ÁLVARO AUGUSTO VARGAS BRAVO, DARLYN YESENIA NEIRA CARO Y PATRICIA CRISTINA PEÑA ANAYA** en calidad de presuntos autores del delito de **ESTAFA (ART. 246 C.P.) EN CIRCUNSTANCIAS DE AGRAVACIÓN POR SUPERAR 100 SMLMV (ART. 267)**, así como todas aquellas otras conductas delictivas que lleguen a configurarse conforme a la actividad investigativa avance.

### I.   EN CUANTO A LA TEORÍA DEL CASO

Tal como se manifestó en la denuncia radicada el pasado 1 de febrero de 2024 y que por reparto le correspondió a su Despacho, los aquí denunciados han utilizado herramientas jurídicas contractuales como un **MEDIO FRAUDULENTO** para <u>inducir y mantener en error</u> a mis representadas y así obtener de éstas la entrega de una cantidad de gas avaluada en **DIECIOCHO MILLONES DE DÓLARES AMERICANOS (US$ 18'000.000)** y, posteriormente, obtener un provecho ilícito para sí en tanto <u>**disfrutaron del gas entregado por CANACOL y no pagaron -fraudulentamente- el dinero equivalente al producto efectivamente entregado**</u>.

T. +57 1 7451037
E. contacto@deaa.com.co
D. Cra 16A # 79-48, Piso 7.
Bogotá, COL.

www.davidespinosayasociados.com



No satisfechos con lo anterior, los aquí denunciados **impartieron instrucciones expresas de NO PAGO a un patrimonio autónomo constituido como garantía de la seguridad y seriedad del negocio, así como el mecanismo acordado para pagar los precios causados por la entrega efectiva del gas**. No siendo suficiente lo anterior, los aquí denunciados procedieron a **SUSTRAER LOS RECURSOS** del patrimonio autónomo que tenían como única finalidad el pago del gas efectivamente entregado.

Continuado con su actuar delictivo, recientemente decidieron **DESAPARECER DEL DOMICILIO COMERCIAL REGISTRADO ANTE LA CÁMARA DE COMERCIO** Y **RECHAZAR LAS FACTURAS QUE ACREDITAN LA ENTREGA DEL GAS** avaluado en DIECIOCHO MILLONES DE DÓLARES AMERICANOS (US$ 18'000.000), con la manifestación de desconocer cualquier obligación de pago a cargo de la sociedad VP INGENERGÍA S.A.S, a sabiendas de la efectiva entrega del producto.

Por lo dicho, es claro que los denunciados continúan ejecutando un **comportamiento sistemático** tendiente a defraudar patrimonialmente a mis representadas con la finalidad de sustraerse de las obligaciones que contractualmente le corresponden, por supuesto, **desplegando maniobras y engaños que se salen de la esfera comercial y se tipifican perfectamente en conductas delictivas reprochadas por el Derecho Penal**.

## II. HECHOS JURÍDICAMENTE RELEVANTES NOVEDOSOS

1. Dentro del giro normal del funcionamiento empresarial de mis representadas y cumpliendo con el conducto regular de facturación de los servicios efectivamente prestados, el 6 de febrero de 2024 acudieron a la **dirección comercial registrada ante la Cámara de Comercio** por la sociedad VP INGENERGÍA S.A.S, con la finalidad de radicar las facturas donde se consigna la efectiva entrega del GAS por parte de la sociedad CANACOL por valor de DIECIOCHO MILLONES DE DÓLARES AMERICANOS (US$18'000.000).

2. No obstante, se pudo corroborar que no existe funcionamiento alguno de la sociedad VP INGENERGÍA S.A.S en el domicilio consignado en el Certificado de Existencia y Representación Legal en el que habitualmente se radicaban las facturas, constituyéndose así **una auténtica modalidad de estafa en la cual quien es el titular de la obligación resulta alzándose de sus bienes o domicilio para evitar ser ubicado**.

T. +57 1 7451037
E. contacto@deaa.com.co
D. Cra 16A # 79-48, Piso 7
Bogotá, COL.

www.davidespinosayasociados.com



DAVID
ESPINOSA
ACUÑA
& ASOCIADOS

3

3. Sumado a lo dicho, mediante comunicación del 7 de febrero de 2024[1], la sociedad VP INGENERGÍA S.A.S, a través de la denunciada PATRICIA CRISTINA PEÑA ANAYA, en calidad de vicepresidente y Representante Legal, realizó manifestaciones que acreditan expresamente el comportamiento fraudulento que vienen ejecutando en contra de mi representada, pues recuérdese que CANACOL entregó el gas efectivamente pactado. Sin embargo, la señora PEÑA ANAYA manifestó, sorprendentemente, que VP INGENERGÍA **desconocía cualquier obligación de pago en cabeza de VP INGENERGÍA S.A.S que tenga origen en los vínculos contractuales sostenidos entre las partes**.

> "En primer lugar desconocemos la existencia de cualquier derecho que pretenda ser reclamado por parte de CANACOL a través de las facturas antes relacionadas o que esté incorporado en ellas, así como la exigibilidad de cualesquiera obligaciones a que se refiera o estén contenidos en dichas facturas. Reiteramos que no hay obligaciones pendientes de pagos a cargo de VP ni ningún tipo de obligación existentes que tenga su origen en los vínculos contractuales sostenidos entre las partes".

4. Por otro lado, frente a la constitución del Fideicomiso de administración y pagos VP-CNE-TEBSA, es preciso advertir que el mismo se instituyó como una herramienta que garantizara el cumplimiento de las obligaciones que surgieran de la relación comercial entre la sociedad VP INGENERGÍA S.A.S y mis representadas. Sin embargo, **LA SOCIEDAD FIDUCIARIA ITAÚ FIDUCIARIA COLOMBIA S.A HA DESPLEGADO COMPORTAMIENTOS QUE POSIBILITARON LA DEFRAUDACIÓN DE QUE FUERON VÍCTIMAS MIS REPRESENTADAS**, pues permitieron que VP INGENERGÍA S.A.S sustrajera los recursos provenientes del pago de TERMOBARRANQUILLA S.A y con destino a mis poderdantes a propósito de la efectiva prestación del servicio.

5. En este sentido, tal como lo establece el contrato de fiducia, **es deber de la fiduciaria presentar una rendición de cuentas**, misma que fue remitida el pasado 26 de enero de 2024 a las sociedades CNE OIL & GAS S.A.S. y CNEOG COLOMBIA SUCURSAL COLOMBIA en calidad de beneficiarias, sin embargo, en la misma se pudo constatar una serie de irregularidades que contribuyen a que mis representadas continúen sufriendo un **detrimento patrimonial** a propósito de la relación comercial con VP INGENERGÍA S.A.S. Así pues, a continuación se relacionan las irregularidades advertidas:

- En la rendición de cuentas presentada por la Fiduciaria, únicamente se remitió el estado de la situación financiera del mes de diciembre de 2023 del

---

[1] Comunicación del 7 de febrero de 2024 emitida por VP INGENERGIA S.A.S.

T. +57 1 7451037
E. contacto@deaa.com.co
D. Cra 16A # 79-48, Piso 7
Bogotá, COL.

www.davidespinosayasociados.com



DAVID
ESPINOSA
ACUÑA
& ASOCIADOS

4

Fideicomiso VP-CNE-TEBSA, cuando debió haber remitido el del periodo completo debido a que la misma correspondía a los meses en los cuales no se ha cumplido la obligación legal y contractual de pago.

- No se presentó un informe o listado de los pagos efectuados por el pagador TERMOBARRANQUILLA SA ESP al Fideicomiso durante el año 202, situación que no permite a las beneficiarias ejercer sus derechos frente a la exigibilidad de los pagos adeudados.

## IV. ANEXOS

- Comunicación del 7 de febrero de 2024 emitida por la sociedad VP INGENERGIA S.A.S.

## V. COMUNICACIONES

Las recibiré en la Carrera 16A No. 79-48, piso 7 de la ciudad de Bogotá, correo electrónico contacto@deaa.com.co

## VI. PETICIÓN

Atendiendo la gravedad de los hechos denunciados, con el mayor respeto solicito que, a la mayor brevedad, se proceda a **FORMULAR IMPUTACIÓN** en contra de los señores ÁLVARO AUGUSTO VARGAS BRAVO, DARLYN YESENIA NEIRA CARO Y PATRICIA CRISTINA PEÑA ANAYA.

Cordialmente,

**DAVID ESPINOSA ACUÑA**
**C.C 11.202.888**
**T.P 134.189**

T. +57 1 7451037
E. contacto@deaa.com.co
D. Cra 16A # 79-48, Piso 7.
Bogotá, COL.

www.davidespinosayasociados.com



VP - 2538

Bogotá D.C., 07 de febrero de 2024.

Señor:
**ANDRÉS VALENZUELA PACHÓN**
CNE OIL & GAS S.A.S.
CNEOG COLOMBIA SUCURSAL COLOMBIA
avalenzuela@canacolenergy.com
Calle 113 # 7-45 Torre B of 1501 Bogotá D.C.
Ciudad

**Asunto:** Rechazo facturas.

VP INGENERGIA S.A.S. E.S.P. (en adelante "VP") rechaza categóricamente las facturas emitidas por CNE OIL & GAS S.A.S. y CNEOG COLOMBIA SUCURSAL COLOMBIA (en adelante y en conjunto "Canacol"), relacionadas a continuación, las cuales fueron recibidas en un establecimiento físico de VP no previsto para tales efectos, el pasado 6 de febrero del 2024, así:

| ITEM | No. FACTURA |
|------|-------------|
| 1    | CNSC-501    |
| 2    | CNSC-502    |
| 3    | CNSC-503    |
| 4    | CNSC-504    |
| 5    | CNSC-505    |
| 6    | CNSC-506    |
| 7    | CNSC-507    |
| 8    | CNSC-508    |
| 9    | CNEG-624    |
| 10   | CNEG-625    |
| 11   | CNEG-626    |
| 12   | CNEG-627    |



| 13 | CNEG-628 |
|----|----------|
| 14 | CNEG-629 |
| 15 | CNEG-630 |
| 16 | CNEG-631 |

En primer lugar, desconocemos la existencia de cualquier derecho que pretenda ser reclamado por parte de Canacol a través de las facturas antes relacionadas o que esté incorporado en ellas, así como la exigibilidad de cualesquiera obligaciones a que se refieran o estén contenidos en dichas facturas. Reiteramos que no hay obligaciones pendientes de pago a cargo de VP ni ningún tipo de obligación existentes que tenga su origen en los vínculos contractuales sostenidos entre las partes.

En segundo lugar, dejamos expresa constancia de que las facturas fueron deliberadamente enviadas y radicadas por Canacol de manera irregular y extraña ante VP porque: (i) se recibieron en físico a una dirección que no fue la prevista para el efecto, en tanto no figura en los contratos ni en nuestro certificado de existencia y representación legal vigente; (ii) las facturas electrónicas no fueron recibidas en los correos electrónicos dispuestos para el efecto y, además, ampliamente conocidos por Canacol y reportados por VP, aun cuando sí fueron radicadas en la DIAN, lo cual puede suceder por la omisión de Canacol de reportar correctamente nuestras direcciones digitales destinadas para estos efectos y (iii) esta forma de notificar transgrede no solo lo contractual sino también sus propios actos, pues históricamente Canacol ha notificado a VP las facturas a través de modos que las partes han ejecutado normalmente.

En tercer lugar, hacemos constar que los conceptos que refieren las facturas recibidas ya habían sido previamente facturados por Canacol a VP, dichas facturas y la liquidación que las precedió fueron oportuna y debidamente rechazadas y desconocidas por VP, desvirtuando así la existencia y/o exigibilidad de cualquier derecho y/u obligación que pretendiera reclamar Canacol. Esto, además, derivó en que Canacol anulara las facturas por medio de notas crédito. Resulta entonces improcedente que Canacol insista en facturar montos a los que no tiene derecho, además a través de medios atípicos de notificación, con miras a constituir a VP, como dé lugar y de forma contraria a la ley, en deudora o parte incumplida.



Finalmente, informamos nuevamente a Canacol que a la fecha adeuda a VP distintas sumas y perjuicios a partir de sus sendos incumplimientos. Resaltamos, a su vez, que a la fecha, existe un pleito pendiente entre las partes, en el cual están siendo objeto de debate todos los asuntos relacionados y/o derivados del contrato y los eventuales derechos y/u obligaciones del mismo. En consecuencia, será ante los tribunales arbitrales que Canacol deba reclamar la existencia o no de los conceptos que pretende forzosamente cobrar.

Atentamente,

*[firma]*

Patricia Cristina Peña Anaya.
Vicepresidente y Representante Legal.

OFICINA PRINCIPAL: [ilegible]   •   CENTRO DE DOCUMENTACIÓN: [ilegible]

WWW.VPSA.CO