**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

---

In re Application of

CANACOL ENERGY COLOMBIA S.A.S,
CNE OIL & GAS S.A.S, CNEOG
COLOMBIA SUCURSAL COLOMBIA

Petitioners, for an Order pursuant to 28 U.S.C.
§ 1782 to Conduct Discovery for Use in
Foreign Proceedings.

---

Index No.  25-mc-60796-AHS

## PETITIONERS' MOTION TO COMPEL DISCOVERY

Of Counsel
Damian Vallejo
Dunning Vallejo & MacDonald LLP
1350 Broadway, Suite 2220
New York, New York 10018
(646) 680-9236
dvallejo@drmlaw.com

Montalvo Law, P.A.
Hector James (Jim) Montalvo
Fla. Bar ID # 887056
e-mail: jim@montalvopa.com
1221 Brickell Ave., Ste. 900
Miami, Fl. 33131
Tel. (305) 321-8347

Attorneys for Petitioners

Attorneys for Petitioners

August 7, 2025

## INTRODUCTION

Petitioners CANACOL ENERGY COLOMBIA S.A.S ("**Canacol**"), CNE OIL & GAS S.A.S ("**CNE**") and CNEOG COLOMBIA SUCURSAL COLOMBIA ("**CNEOG**" and, together with Canacol and CNE, the "**Petitioners**"), through counsel, submit this motion to compel discovery in accordance with your Honor's Discovery Procedures.[1]

## BACKGROUND

On April 29, 2024, this Court entered an Order granting Petitioners' Application for Judicial Assistance Pursuant to 28 U.S.C. §1782 (the "**Order**").  *See* D.I. 14.  On May 4, 2025, Petitioners served the Order and the subpoenas on VP Engenergy LLC ("**VP USA**") and Nicolas Vargas Peña ("**Mr. Vargas Peña**" and, together with, VP USA, "**Respondents**").

After serving the subpoenas on Respondents, Petitioners agreed to providing Respondents with a total of 42 days to respond and/or serve objections to the subpoenas.  On June 13, 2025, Respondents served their objections to the subpoenas. (the "**Objections**"). *See* **Exhibit 1**.  In their Objections, Respondents objected to the ten (10) document requests included in VP USA's subpoena, the eight (8) document requests in Mr. Vargas Peña's subpoena and all the topics for the depositions.  In short, Respondents allege: (1) that the evidence sought is not for use in the Colombian Criminal and Enforcement Proceedings; (2) that the requests are overbroad, vague, ambiguous, and/or not relevant to the claims in the Colombian proceedings; and (3) that the subpoenas seek irrelevant, confidential financial and business information and are through unduly burdensome.  For the reasons provided in Section I below, Respondents' objections are deficient.

Petitioners have provided Respondents with detailed and individualized reasons for the document production requests included in the subpoenas on multiple occasions, yet Respondents

---

[1] Given that Respondents are a non-party (the 1782 Petition was granted *ex parte*), Petitioners understand that a motion may be filed in these circumstances.  *See* Discovery Procedures, footnote 3.

have failed to provide specific and detailed objections to the requests for production. *See* Petitioners' initial responses to Respondents' Objections as **Exhibit 2**. As of today, and notwithstanding the multiple email exchanges, videoconferences and telephone conversations between tcounsel, Respondents have failed to produce a single document.[2]

## LEGAL ARGUMENT

### I.      RESPONDENTS' OBJECTIONS ARE DEFICIENT

#### A.      LEGAL STANDARD FOR OBJECTING TO DISCOVERY REQUESTS

"To show that the requested discovery is otherwise objectionable, the onus is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *See Rossbach*, 128 F. Supp. 3d at 1354 (citing in part *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985))." *Rivera v. 2K Clevelander, LLC*, No. 16-21437-CVI, 2017 WL 5496158, at *2 (S.D. Fla. Feb. 22, 2017). "Boilerplate objections and generalized responses are improper. […] More specifically, objections simply stating that a request is []overly broad, or unduly burdensome[] are meaningless and without merit. […]." *Id.* at *2. "Generalized objections asserting 'confidentiality,' attorney-client privilege or work product doctrine … do not comply with local rules.' *Guzman*, 249 F.R.D. at 401; *see also* FED.R.CIV.P. 34(b)(2)(B) ('[S]tate an objection to the request, including the reasons'); S.D. Fla. Local Rule 26.1(g)(3)(A) ('[O]bjections shall state with specificity all grounds'); S.D. Fla. Local Rule App. A §§ III(A)(5) ('[O]bjections should be specific, not generalized.')." *Id.* at *3.

#### B.      RESPONDENTS HAVE FAILED TO MEET THEIR ONUS

In their Objections, Respondents simply provide boiler plate objections, making no attempt to individualize them pursuant to the different document production requests included in the

---

[2] The last telephone conversation between the parties' counsel was on July 31, 2025.

subpoenas.  Respondents allege that the subpoenas "seek irrelevant, confidential, financial and business information of VP Colombia's member, VP USA, and Nicolas Vargas, the son of VP Colombia's principals, through the unduly intrusive and burdensome subpoenas." *See* Exhibit 1, p. 2 (Introduction).  Respondents go on to allege that the subpoenas "request[] irrelevant, confidential business and improper financial [information] worth discovery." *Id*., p. 5 (Objections to Subpoenas to VP USA and Nicolas Vargas).  Respondents also assert, regarding request no. 1 included in both subpoenas, that "[t]his request is patently unreasonable and objectionable on various grounds, including because it is overbroad, vague, ambiguous, and not relevant to the claims in the Colombian proceedings." *Id.*, p. 7 (Specific Subpoena Requests to VP USA and Nicolas Vargas).  Respondents object to the remaining document production requests alleging that "[t]he unduly intrusive discovery sought in these requests also appear to be grossly overbroad and not relevant to Petitioners' spurious allegations in the Colombian Criminal Proceedings.  We object to the subpoenas on these bases." *Id*., p. 8 (Specific Subpoena Requests to VP USA and Nicolas Vargas).  Finally, Respondents also object to the document production requests "to the extent that they seek to require them to produce records that are not within the scope of permissible discovery under the Federal Rules of Civil Procedure and applicable law, are otherwise protected by applicable law from disclosure, and/or are privileged and confidential." *Id.*, p. 9.

Even after Petitioners replied to the Objections (Ex. 2), Respondents have maintained their position and have not sought clarification on any of the document production requests. Respondents do not provide reasons that would support their Objections and fail to explain (1) why all the requests included in the subpoenas are vague, burdensome, unduly intrusive, or burdensome; (2) why the requests seek irrelevant information; and (3) why the documents sought

by Petitioners are confidential.[3]  Given Respondents' failures, Petitioners respectfully request that this Court strike those objections and compel compliance with the subpoenas in full.

        **C.**        **RESPONDENTS' OBJECTIONS REGARDING THE "FOR USE" REQUIREMENT ARE UNSUPPORTED**

In their Application, and in order to support the "for use" requirement, Petitioners submitted declarations from the Colombian counsel representing Petitioners in the Colombian Enforcement and Criminal Proceedings (*see* D.I. No. 3-7 and 3-19).  Even with those declarations, Respondents allege that the documents/information sought in the subpoenas are not *for use* in those proceedings.   These objections are unfounded and lack any documentary or witness evidence that supports them, and Petitioners respectfully request that these also be stricken.

**II.**       **RESPONDENTS HAVE FAILED TO PROVIDE REQUESTED INFORMATION**

During the multiple videoconferences held and email exchanges with Respondents' counsel, Respondents' counsel acknowledged that they have relied on their clients, Respondents, for purposes of providing information to Petitioners' counsel, and that Respondents' counsel have not conducted any searches for responsive documents.  Petitioners have requested, *inter alia*, that Respondents provide the results of the searches conducted and the name of the persons that conducted the searches.  Respondents have not provided this information, yet they maintain that there are no responsive documents to requests nos. 1, 2, 8, 9 and 10 in VP USA's subpoena and that, other than bank statements and personal tax returns, there are no responsive documents to Mr. Vargas Peña's subpoena.[4]  It is hard to imagine that VP USA (the only member of VP Colombia)[5]

---

[3] Petitioners have even proposed to Respondents entering into a protective order to redact any sensitive and personal information.  This proposal has been unanswered.

[4] Respondents' counsel have represented that Respondents conducted searches on three email address using eight terms/key words, but no further information has been provided.  Respondents have not confirmed whether there are other email addresses used by the owners and/or managers of VP USA which have not been searched, or whether there are other email addresses from VP USA that have not been searched.  Respondents have confirmed that there are managers from VP USA that do not have a VP USA email address.

[5] Respondents' counsel have represented that VP USA is the sole member of VP Colombia.

has no documents responsive to Request no. 8, which calls for "[a]ll documents provided and communications sent to [VP USA] as a shareholder, member or equivalent of VP Colombia." This is only one example of Respondent's unreasonable position. While Respondents have acknowledged that there are some responsive documents to the subpoenas, including bank statements and tax returns, Respondents have refused to produce them.

## III.    PETITIONERS ARE ENTITLED TO RECOVER THEIR EXPENSES

Pursuant to Rule 37(a)(5), Petitioners request that Respondents be ordered to pay Petitioners' reasonable expenses incurred in making the motion, including attorney's fees. *See In re Furstenberg Fin. SAS*, No. 16-CV-60266, 2017 WL 6560357 (S.D. Fla. Oct. 31, 2017).

## IV.    PETITIONERS SUBMIT THAT THERE IS NO NEED FOR ORAL ARGUMENT

Considering Respondents' conduct and the upcoming dates on September 15 and 16, 2025, Petitioners submit that the Court may rule on the papers without oral argument.

## CONCLUSION

Petitioners request that the Court grant the Motion and order as follows:

1.    Ordering Respondents to comply with the subpoenas and produce all the responsive documents within 30 days of the Court's order or by September 8, 2025 (whichever is earlier);

2.    Ordering Respondents to produce an affidavit of diligent search within 15 days of the Court's order or by August 31, 2025 (whichever is earlier);

3.    Awarding Petitioners' reasonable expenses (including attorney's fees) incurred in making this Motion to Compel; and

4.    Ordering such other and further relief as the Court deems just and proper.

DATED this 7th day of August 2025

*Of Counsel*                                                          By: /s/ *Jim Montalvo*

5

Damian Vallejo
**Dunning Vallejo & MacDonald LLP**
1350 Broadway, Suite 2220
New York, New York 10018
(646) 680-9236
dvallejo@drmlaw.com

*Attorneys for Petitioners*

**Montalvo Law, P.A.**
Hector James (Jim) Montalvo
Fla. Bar ID # 887056
e-mail: jim@montalvopa.com
2555 Ponce de León Blvd., Ste. 600
Coral Gables, Florida 33134
Tel. (305) 321-8347

*Attorneys for Petitioners*

CERTIFICATE OF GOOD FAITH CONFERENCE;
CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with counsel for Respondents/Non-Parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

*Damian Vallejo*
*Counsel for Petitioner*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2025, the foregoing was filed electronically with the Clerk of the United States District Court for the Southern District of Florida by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

By: */s/ Jim Montalvo*
Jim Montalvo